YARRUT, Judge.
Plaintiff, a citizen and taxpayer of Plaquemines Parish, filed this suit against the Parish Commission Council and School Board to enjoin the Commission Council from advancing, paying or transferring any monies, funds or properties to, or on behalf of, the School Board for any purposes whatsoever; and prohibiting the' School Board from paying, advancing or transferring to third parties any monies, funds and properties heretofore received, being received or to be received, directly or indirectly, from the Commission Council; and asking final judgment of the Court that the above-described acts of the Defendants are injurious to Plaintiff and other similarly situated, and an impairment of their rights as citizens and taxpayers; and perpetuating the preliminary writ of injunction in the form and substance of the temporary restraining order.
Plaintiff further seeks judgment against the School Board, in favor of the Commission Council, for all such monies and properties, or the value thereof, transferred by the Commission Council and its predecessor (the Plaquemines Parish Police Jury) to or on behalf of said School Board; or, in the alternative, if Plaintiff is not entitled to judgment on this particular issue, and if the Commission Council and its members, and the School Board and its members, do not seek judgment herein for the return of said monies, etc. then there be judgment against the individual members of said Council and School Board for their failure properly to exercise their powers and discharge their duties as public officers, and in favor of petitioners and others similarly situated for the benefit of the Parish.
By agreement the case was tried on the merits. The Commission Council submitted evidence that all monies and funds it transferred to the School Board, beginning from its first appropriation to the School Board in 1948, were all used for the purchase of lands, for the construction of school buildings, for repairs and improvements to the school buildings placed on said lands, and for equipment, furnishings and supplies placed in said school buildings. Further proof was adduced that the title to all lands, school buildings, improvements, equipment, etc., had been paid for by the Commission Council or the Police Jury, and were transferred to the Commission Council by notarial Acts of Sale dated July 15, 1966.
The District Judge gave Plaintiff judgment, against the Commission Council and its members, permanently enjoining them from “paying, advancing or transferring any money, funds or properties to, or on behalf of, the School Board for any purposes whatsoever.” The District Judge epitomized the issue as "one dealing with an allegation of the legal right of the Plaquemines Parish Commission Council to advance funds to the Plaquemines Parish School Board,” (emphasis added) and stated:
“There is a specific prohibition in the Plaquemines Parish Charter and in the Louisiana Constitution. The Court is compelled to recognize these prohibitions. No matter how worthy the purpose, the end does not justify the means, and the Charter and Constitution prohibitions must be enforced.”
The Court did not order the return of the funds advanced in the past, obviously since the titles to the schools, now in the name of Council, were valid sales and, therefore, by such transfer the money spent by the Commission Council for the construction of these schools and for the school lands and facilities had, in effect, been returned to the Commission Council.
In view of this, and the fact the evidence shows that the Commission Council, as owner of the school lands, buildings and improvements leased to the School Board the properties now utilized by the School Board for school purposes, makes *3 it conclusive that the leases or contracts should he confirmed. This is proper because the expenditure by the Commission Council, by transfer of the funds to the School Board, in payment of said capital investments, is at issue here, and the lease contracts are a part of the case.
The controlling issue is the legal right of the Commission Council to advance funds to the School Board. The Charter for Local Self-Government for the Parish, in accordance with Section 3(d) of Article XIV of the Louisiana Constitution (Act 631 of the 1960 Legislature, adopted as a constitutional amendment), states that no provision of the Charter shall apply, or be construed as applying, to any of the powers and functions of the School Board, in effect prohibiting the Council from exercising the powers and functions of the School Board. The Commission Council contends that the Police Jury and the Commission Council, as governing bodies of the Parish made capital investments for the Parish in school buildings, and properties to provide the physical facilities to afford the youth of the Parish the best possible educational opportunities. The Commission Council has been invested with title to all school properties in consideration of all funds channeled through the School Board in compliance with LSA-C.C. Arts. 2133 and 2138.
Plaintiff contends, however, that the greater portion of school funds have come from the Commission Council. To this, we cannot agree, as the evidence, particularly the 1965 school budget, shows an expenditure of over $2,700,000, and an advancement of funds by the Commission Council in the amount of $625,000 only.
Plaintiff further contends, however, that the supplying of funds to the School Board would, in effect, place the control of the schools in the Commission Council. However, this is specifically prohibited by the Constitution and Parish Charter for Local Self-Government.
It is true these prohibitions deny the right of the Commission Council to exercise the powers and functions of the School Board, but they do not, in any way, prohibit the Commission Council from advancing funds to the School Board, or to any other governmental agency or officer of the Parish.
Plaintiff further contends that “we are dealing with the allegation of the legal right to funds” and “there is a specific prohibition in the Charter and in the Con-, stitution which authorizes such Charter.” We can find nd specific prohibition in either the Parish Charter or the Constitution which prohibits the channeling of funds to any other Parish function, agency or office. The allocation of funds, the channeling of funds and the investment of funds by the Commission Council, in many instances, are regulated by law; but there is no law prohibiting the Commission Council from investing certain other Parish funds in building schools, auditoriums, etc. In fact, LSA-R.S. 17:100, authorizes Parishes to aid in the construction of schools; and the governing authorities of the several parishes may appropriate available funds to aid the School Boards of their respective parishes, with the consent of said School Boards, in the construction of public schools. The expenditure of these funds rests solely within, the discretion of the Commission Council. It is not within the Commission Council’s discretion to give money for school operation because of the constitutional prohibition, but there is authority for the expenditure of funds for school construction as cited above. The matter of spending funds for the construction of schools rests within the discretion of the Parish governing body. The case of Saucier v. City of New Orleans, 119 La. 179, 43 So. 999, is applicable here. The Court there held that the State could transfer ownership of certain property to the City of New Orleans which would administer it. The State of Louisiana was allowed to grant property to a corporation, *4 public or private, so long as the property was set aside for public use. Emery v. Orleans Levee Board, 207 La. 386, 21 So.2d 418. Yet, Plaintiff contends that the use of lands or funds for “school purposes is not for public purposes” and that, in the Saucier case, as well as in the Emery case, the properties involved were held for the benefit of all the members of the public, whereas in the instant case the school properties directly benefit only school children and their parents.
However, the expenditure of authorized Parish fund for public schools for the education of the children of the Parish is certainly for the benefit of and in the interest of the entire public.
The judgment and injunction in favor of Plaintiff and against Defendants by the District Court is reversed; and judgment rendered in favor of Defendants and against Plaintiff dismissing his Class Action, and annulling the injunctions against Defendants; Plaintiff to pay all taxable costs in both courts.
Judgment reversed.